### MEYERS v. NORTH AMERICAN WATCH CO.

(Supreme Court, Appellate Division, Second Department. February 16, 1912.)

COURTS (§ 189*)—NEW YORK MUNICIPAL COURT—PROCESS—SERVICE ON CORPORATION—SUFFICIENCY.

    In an action in the Municipal Court against a foreign corporation, selling goods merely by sample and conducting no business within the state, service of summons upon a salesman, who, while he was supplied with desk room and samples by the corporation, and took orders, which he transmitted to it, had no official relation to the affairs of the corporation, and no authority to represent it in any discretionary matters, was not a sufficient service under Municipal Court Act (Laws 1902,

c. 580) § 31, providing that summons in an action against a corporation may be served by serving its managing agent.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Herman J. Meyers against the North American Watch Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Harry J. Rosenson, for appellant.

Scott & Follette, for respondent.

WOODWARD, J.  This action was brought to recover the purchase price of certain goods, and the only question presented by this appeal is whether the court had jurisdiction of the defendant. Judgment was taken by default, the defendant refusing to plead; it being contended by the defendant, who appeared specially for that purpose, that there was never a valid service upon the defendant, a foreign corporation, doing business in the state of Ohio. Section 31 of the Municipal Court act (Laws 1902, c. 580) provides that in the service of the summons—

"if an action be against a corporation, by delivery of a copy to the president or other head of the corporation, or to the secretary, cashier, or managing agent thereof, but when no such officer resides in the city, to a director resident therein."

The language of this act clearly contemplates that the "managing agent" shall be in the nature of an officer of the corporation, and not a mere agent for particular purposes; for, after enumerating the officers, including the "secretary, cashier or managing agent thereof," it provides that, if "no such officer resides in the city," then the service may be made upon a resident director. It is not merely that he is a "managing agent," but he must be a "managing agent thereof," meaning of the corporation. In other words, the managing agent contemplated in the statute is a general manager of the affairs of the corporation, as distinguished from a mere limited agent of the corporation in the transaction of particular business.

The affidavit of service in the present case sets forth that the person serving the summons knew the person so served to be the managing agent of the defendant corporation; but it clearly appears from the matters submitted upon a traverse of the return, where the defendant appeared specially for the purpose of raising the question, that the so-called "managing agent" of the corporation was merely a salesman employed by the defendant, who solicited orders in the city of New York and transmitted them to the defendant at Mansfield, Ohio. The defendant furnished this salesman desk room in an office, and supplied him with samples; but beyond this the defendant did not conduct business within the state of New York. It merely sold goods by sample, and there is not the slightest ground for believ-

ing that this salesman held any official relation to the affairs of the corporation, or had any authority to represent it in any discretionary matters. He was certainly not a "managing agent" of the corporation, and it was error to hold such a service to confer jurisdiction upon the Municipal Court.

The judgment appealed from should be reversed. All concur.